IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HANAN MAKHAMREH )<br>    Plaintiff, )<br>v. )<br> )<br>MERRICK GARLAND, Attorney General of the )<br>United States; ALEJANDRO MAYORKAS, )<br>Secretary, Department of Homeland Security; )<br>TRACY RENAUD, United States Citizenship )<br>and Immigration Services, and CHRISTOPHER )<br>WRAY, Director, Federal Bureau of Investigation )<br>    Defendants. ) | CIVIL ACTION NO. |

**WRIT OF MANDAMUS**

I. <u>INTRODUCTION</u>

1. This is an individual action for declaratory and mandamus relief, authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 551 et seq. and 5 U.S.C. §S 701 et seq. This action is to provide Plaintiff Hanan Makhamreh (hereinafter "Mrs. Makhamreh") relief from the U.S. Citizenship & Immigration Services' ("USCIS") *et al*. willful violations of the law, and bureaucratic inaction and errors.

2. Mrs. Makhamreh is a citizen of Jordan and the beneficiary of a pending adjustment of status application based on her relationship with her U.S. citizen son.

3. The average processing time for a U.S. Citizen filing for a parent is 8.5 months. Mrs. Makhamreh has been waiting for nearly 24 months.

4. The Defendants have indefinitely delayed a determination on whether to grant or deny Mrs. Makhamreh's adjustment of status application. Defendants, the Department of

Homeland Security and U.S. Citizenship and Immigration Services, are charged by law with the statutory obligation to adjudicate Mrs. Makhamreh's application.

5.      Plaintiff has complied with all the requirements of the Defendants, such as fingerprinting and medical examination. However, until now, the Defendants have failed to adjudicate her case. Plaintiff has made numerous inquiries regarding the status of her application. However, the Defendants routinely indicate that it remains pending. Plaintiff has no other remedies except to petition for the intervention of this Court.

6.      Upon information and belief, Defendants had sufficient information and have had sufficient time to determine Plaintiff's eligibility requirements. This delay is contrary to USCIS' own long-standing policies and procedures to adjudicate cases chronologically on a first-come, first-serve basis.

7.      Defendants are required to process and adjudicate Mrs. Makhamreh's application in accordance with the law and agency procedure regarding family applications and to do so within a reasonable time. They have not done so.

## II. JURISDICTION AND VENUE

8.      This Court has jurisdiction over this case under 5 U.S.C. § 702 and 706, as an action to review and compel agency action when it has been unlawfully withheld or unreasonably delayed, and to set aside agency actions, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

9.      This court also has jurisdiction over this case under 28 U.S.C. § 1331, as an action arising under the constitution and laws of the United States, under 28 U.S.C. § 1361, as an action of mandamus to compel a United States employee to perform a duty, and under 28 U.S.C. § 2412 (d) to reimburse a party for litigating unreasonable and unlawful agency actions.

10. The Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgment Act.

11. An actual controversy has arisen and now exists between Plaintiff and Defendants.

12. Venue is proper under 28 U.S.C. §1391(e) because Plaintiff resides in this district.

### III. PARTIES

13. Mrs. Makhamreh, plaintiff, resides in Collin County, Texas. She is a beneficiary of a pending I-130 Immigrant Visa Petition filed by her son, a United States citizen, which classifies her as an immediate relative. INA Section 204(a)(I)(A)(vii), 8 USC Section 1154. The I-485, application to Register Permanent Residence or Adjust Status ("LPR Application") was filed by her son, the Petitioner, concurrently with the I-130 petition, on August 19, 2019.

14. Merrick Garland, defendant, is the United States Attorney General and head of the Department of Justice and as such is charged with enforcing the Constitution and laws of the United States. He is sued in his official capacity only.

15. Tracy Renaud, defendant, is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens. Defendant Renaud is sued in his official capacity.

16. The United States Citizenship and Immigration Services is the federal agency within the Department of Homeland Security that is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

17. Alejandro Mayorkas is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued in his official capacity. Defendant Mayorkas is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 103(a).

18. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

19. Christopher Wray is the Director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. Defendant Wray is charged with conducting background checks, including the National Name Check Program, in response to requests submitted by federal agencies, including the USCIS.

20. The FBI is included as a Defendant insofar as the delay in the processing of Mrs. Makhamreh's adjustment of status application is caused by delays in the background check.

## VI. FACTS

21. Plaintiff Hanan Makhamreh is a citizen of Jordan. She has no criminal history.

22. Mrs. Makhamreh has been living and visiting the United States for over 20 years. Plaintiff filed for adjustment of status on August 19, 2019 based on her relationship with her U.S. citizen son.

23. Plaintiff has inquired with the government about the status of her case numerous times including, but not limited to the following dates: January 30, 2020, March 13, 2020, August 24, 2020, September 17, 2020, November 2, 2020, December 23, 2020, and February 19, 2021. Each time she was advised that her application remains pending.

24. No explanation has been given for the amount of time it has taken for the application to be completed.

25. As a result, Plaintiff has been forced to reapply for an employment authorization.

## V. CLAIMS

**(1) Mandamus**

26. Plaintiff incorporates paragraphs 1 through 25 as if set forth in full herein.

27. Defendants have the nondiscretionary duty to adjudicate the adjustment of status applications filed by Plaintiff. By failing to do so, Defendants have failed to comply with their statutory and regulatory duties. Plaintiff is therefore entitled to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to adjudicate their adjustment of status applications.

28. Plaintiff incorporates paragraphs 1 through 27 as if set forth in full herein.

29. Defendants have willfully and unreasonably delayed and refused to adjudicate Mrs. Makhamreh's adjustment of status application. Defendants' failures and refusals are a violation of the APA and cognizable under 5 U.S.C., §§ 551(13) and 706(1).

30. Courts around the country have consistently held that delays over two years in adjudicating adjustment of status applications are unreasonable. *See Hu v. Reno*, 2000 WL 425174 (N.D. Tex 2000); *Alkeylani v. Dep't of Homeland Security*, WL 2800380, at *3 (D. Conn. Sept. 20, 2007) (finding three-year delay in adjudication of adjustment of status applications to be unreasonable); *see also Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999) (finding delay of two and a half years for adjudication of I-485 application endured by named plaintiff in class action lawsuit was "on its face" unreasonable and that other class members' delays, which were at least one year, were "sufficient to establish" that the government had "unreasonably delayed" the

plaintiffs' cases); *Elmalky v. Upchurch*, Slip Copy, Civ. No. 3:06-CV-2359-B, 2007 WL 944330, at *6 (N.D. Tex. Mar. 28, 2007) (finding that the plaintiff had "made out a prima facie showing that a near-three-year delay [of adjustment of status application] is unreasonable.")

31. Defendants have a nondiscretionary duty to adjudicate applications in a reasonable amount of time. *See Alsharqawi v. Gonzales*, 2007 WL 1346667, *3 (N.D. Tex. Mar. 14, 2007). In that case, the court held:

> [T]he statues and regulation state, in no uncertain terms, that certain action shall be taken by Defendants even if the ultimate determination of how they will act is committed to their discretion. Accordingly, regardless of the ultimate decision, Defendants have a nondiscretionary duty to act on [Petitioners'] application.

*Id*. at 3.

32. Many aspects of Plaintiff's life has been prejudiced by the USCIS' processing delay. During the pendency of her adjustment of status application, Plaintiff has had to renew her employment authorization documents ("EAD"). This involves filling out and sending out an application and the renewal of her driver's license.

36. An LPR applicant cannot travel outside the United States without advance permission from the USCIS to return ("Advance Parole"), which also has a validity period of only one year. 8 CFR Section 245.2(a)(4). Mrs. Makhamreh's elderly mother is ill, and Mrs. Makhamreh is worried that if she visits her mother she will have difficulty re-entering the United States as advance parole does not ensure re-entry.

37. Over approximately two years, Mrs. Makhamreh has made numerous inquiries to USCIS, including, but not limited to the following dates: January 30, 2020, March 13, 2020, August 24, 2020, September 17, 2020, November 2, 2020, December 23, 2020, and February 19, 2021.

38. Mrs. Makhamreh has exhausted any administrative remedies that may exist.

### (2) Due Process Violation

39. Plaintiff incorporates paragraphs 1 through 38 as if set forth in full herein.

40. Defendants' failures to process Plaintiff's petition violates Plaintiff's Fifth Amendment rights to Due Process. Based on USCIS' most recent processing time report, cases of the same type as the Plaintiff's have had their applications adjudicated. Defendants' conduct with respect to Plaintiff violates her due process rights of equal protection and fairness.

### VI. CONCLUSION

WHEREFORE, Hanan Makhamreh prays that the Court:

1. Declare that Defendants' delay in processing the Plaintiff's application violates Plaintiff's rights to due process;

2. Declare that Defendants' delay in processing the Plaintiff's applications is unreasonable;

3. Order Defendants to immediately to adjudicate the case and inform the Plaintiff within 60 days from the date of this Order;

4. Order Defendants to file a report to the Court detailing the specific measures they are taking to accomplish the orders within 30 days from the date of the Court's order;

5. Award the Plaintiff's attorney's fees and costs under the Equal Access for Justice Act, and

6. Grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted this 11th Day of May 2021.

/s/ Marwa Elbially, Esq.
**Elbially Law Office, PLLC**
TX Bar No. 24090089
704 East 15th Street,
Suite 204,
Plano, Texas 75074
info@elbiallylaw.com
(469) 629-6303